IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALVIN RAY HYDER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-07-291 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION TO
DENY PETITIONER'S MOTION FOR A
RESTRAINING ORDER AND MOTION FOR SUMMARY JUDGMENT**

This is a habeas petition filed by a state prisoner pursuant to 28 U.S.C.

§ 2254.  Pending is petitioner's motion for a temporary restraining order ("TRO").

(D.E. 15).  Pending is petitioner's motion for summary judgment.  (D.E. 17).  For

the reasons stated herein, it is respectfully recommended that petitioner's motions

be denied.

## I.  JURISDICTION

Jurisdiction in this action is based on federal question pursuant to 28 U.S.C.

§ 1331.

## II.  PROCEDURAL HISTORY

Petitioner, a Texas state prisoner proceeding pro se, filed this habeas petition

on July 2, 2007, alleging, inter alia, challenging his July 12, 2006 conviction for

harassment by a person in a correctional facility in the 156th Judicial District Court

of Bee County, Texas.  (D.E. 1, at 3).  Specifically, he was charged with three counts of throwing urine on other individuals.  (D.E. 1-2, at 21-24).  In his petition, he asserts twelve grounds for relief.  Id. at 1-17.

In conjunction with the petition, on July 2, 2007, petitioner filed a motion to proceed *in forma pauperis*.  (D.E. 2).  On July 5, 2007, that motion was granted.  (D.E. 8).

On July 6, 2007, an order for service of process was issued.  (D.E. 10).  On August 9, 2007, respondent filed a motion for an extension of time to file an answer.  (D.E. 11).  Respondent has until September 7, 2007 to file an answer.  (D.E. 13).

In his motion for a TRO, petitioner asserts that he has "become a victim of a criminal conspiracy by prison officials to place another charge on the petitioner."  (D.E. 15, at 1).  He alleges that shortly after an order for service of process was issued concerning his habeas petition, on July 28, 2007, several correctional officers attempted or did indeed plant a weapon in his cell.  Id.  On that date, the officers came and searched his cell, claiming that an inmate had shot a correctional officer with a homemade spear.  Id.  Petitioner alleges that Sergeant Dixon upon entering his cell immediately bent down, pretending to pick up a steel tip and accusing petitioner.  Id.  Although he indicated that the officer who was shot stated petitioner did not do it, Sergeant Dixon still said that he was going to charge

petitioner.  Id. at 1-2.  He alleges that he "later learned that Sgt. Dixon and the others already knew who had shot the spear."  Id. at 2.

In response to the cell search and allegations, petitioner alleges that "there is a criminal conspiracy among prison officials to keep the petitioner from gaining justice and or his rightful freedom."  Id.  Accordingly, he requests that "the Court [] issue a restraining order, ordering the respondent [sic] subordinates to refrain from any fraudulent acts against the petitioner, any physical assaults against the petitioner, and that cell searches of the petitioner's cell be done with the use of a video camera."  Id.

In his motion for summary judgment, petitioner asserts that he is entitled to summary judgment because "[t]he respondents [sic] has not timely challenged or disputed the facts alleged in the petitioner's habeas corpus [petition]."  (D.E. 17, at 1).  In other words, he seeks a default judgment against respondent.

## III.  DISCUSSION

### A.      Petitioner Is Not Entitled To Injunctive Relief.

#### 1.        Petitioner Is Not Entitled To File A Civil Rights Claim.

The Supreme Court has explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); accord Carson v. Johnson, 112 F.3d 818,

820 (5th Cir. 1997).  "Generally, § 1983 suits are the proper vehicle to attack

unconstitutional conditions of confinement and prison procedures."  Carson, 112

F.3d at 820 (citing Cook v. Texas Dep't of Criminal Justice Transitional Planning

Dep't, 37 F.3d 166, 168 (5th Cir. 1994)); see also Jackson v. Johnson, 475 F.3d

261, 263 n.2 (th Cir. 2007) (per curiam) ("A prisoner may file a § 1983 action to

challenge the conditions of confinement.") (citing Cook, 37 F.3d at 168).  In this

action, petitioner is challenging his state court conviction.  However, in his motion

for injunctive relief, he asserts civil rights claims more properly filed pursuant to

§ 1983.

      Prisoner civil rights actions are subject to the provisions of the Prison

Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C.

§ 1915(g).  The three strikes rule provides that a prisoner who has had, while

incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or

for failure to state a claim upon which relief can be granted is prohibited from

bringing any more actions or appeals *in forma pauperis*.  28 U.S.C. § 1915(g);

Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103

F.3d 383, 388 (5th Cir. 1996).  The three strikes rule provides an exception

permitting prisoners who are under imminent danger of physical harm to proceed

without prepayment of the filing fee.  28 U.S.C. § 1915(g).

      Petitioner has had at least three prior actions dismissed as frivolous,

4

malicious, or for failure to state a claim upon which relief can be granted.  <u>See</u>
<u>Hyder v. Davis, et al.</u>, 2:95cv609 (S.D. Tex. July 8, 1996); <u>Hyder v. Figueroa, et</u>
<u>al.</u>, 4:97cv3734 (S.D. Tex. June 8, 1999); <u>Hyder v. U.S. Attorney, et al.</u>,
4:99cv1211 (S.D. Tex. May 20, 1999).  Petitioner is now barred from filing a civil
rights suit unless he is in imminent danger of physical injury.

The courts have determined that in order to meet the imminent danger
requirement of § 1915(g), the threat must be "real and proximate." <u>Ciarpaglini v.</u>
<u>Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003).  Allegations of past harm do not suffice;
the harm must be imminent or occurring at the time the complaint is filed, and the
complaint must refer to a genuine emergency where "time is pressing."
<u>Heimermann v. Litscher</u>, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); <u>see</u> <u>also</u>
<u>King v. Livingston</u>, 212 Fed. Appx. 260, 262 (5th Cir. Dec. 11, 2006) (per curiam)
(unpublished) (allegations of past attacks by inmates and prison officials are
insufficient to establish imminent danger).  In passing the PLRA, Congress
intended the imminent danger exception to be a safety valve to prevent impending
harms, not those which had already occurred.  <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d
307, 315 (3d Cir. 2001) (en banc).

Petitioner has not alleged any facts to suggest that he is in imminent danger
of physical injury.  Instead, in this action, he alleges that various prison officials
are engaged in a criminal conspiracy against him.  Because petitioner's motion

seeks relief for a civil rights violation, which is now barred by the PLRA, it is respectfully recommended that his motion for injunctive relief be denied.[1]

### 2.     Petitioner Has Not Met The Standard For Injunctive Relief.

A TRO "should be restricted to serving [the] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974). Pursuant to Rule 65 of the Federal Rules of Civil Procedure,

> [a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Royal Ins. Co. v. Quinn-L Capital Corp., 3 F.3d 877, 885 n.5 (5th Cir. 1993) (quoting Fed. R. Civ. P. 65(b)).  In Granny Goose Foods, the Supreme Court explained that when "a temporary restraining order has been continued beyond the time limits permitted under Rule 65(b), and where the required findings of fact and

---

[1] Petitioner may file his retaliation claim pursuant to 42 U.S.C. § 1983 and seek injunctive relief provided that he pays the $350 filing fee.

conclusions of law have not been set forth, the order is invalid."  415 U.S. at 443

n.17 (citations omitted); see also Phillips v. Chas. Schreiner Bank, 894 F.2d 127,

130 n.5 (5th Cir. 1990) (pursuant to Rule 65, a TRO will expire no later than ten

days after it is issued).

There is a question as to whether a TRO with its ten-day limit is appropriate

in this case.  In Dixon v. Vanderbilt, 122 Fed. Appx. 694 (5th Cir. Nov. 17, 2004)

(per curiam) (unpublished), the Fifth Circuit addressed a motion for a TRO seeking

relief to preclude the defendant officer from sexually harassing and retaliating

against the plaintiff because he filed grievances against the officer.  Id. at 695.  It

explained that because the relief sought if granted would exceed the ten-day limit

in Rule 65(b), the "motion was in effect a motion for preliminary injunction."  Id.;

see also United States v. Holy Land Found. For Relief & Dev., 445 F.3d 771, 789

(5th Cir. 2006) ("An ex parte order that purports to be of indefinite duration is a

preliminary injunction rather than a temporary restraining order.").  Here,

petitioner has sought analogous relief that would also be ongoing and exceed the

ten-day limit if granted.

To obtain a preliminary injunction pursuant to Rule 65(a) of the Federal

Rules of Civil Procedure, the applicant must first provide notice.  Fed. R. Civ. P.

65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse

party."); Holy Land, 445 F.3d at 789.  Next, the applicant must demonstrate: "(1) a

substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted).  "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria."  Black Fire Fighters Ass'n v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original).

Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance.  See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).  The movant "has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction." PCI Transp., Inc. v. Fort Worth & W. R.R., 418 F.3d 535, 546 (5th Cir. 2005).

The Fifth Circuit has noted that "[t]o prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).  The inmate must be able to point to a specific constitutional right that has been violated.  Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam).

8

Moreover, the inmate must allege more than his personal belief that he is the victim of retaliation.  Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are insufficient.  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).  "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'"  Id. (citation omitted).  Causation requires an inmate to show that but for the retaliatory motive, the adverse action would not have occurred.  McDonald, 132 F.3d at 231.

Petitioner has filed a habeas petition challenging a state conviction in which he was convicted of throwing urine on various individuals.  He alleges that several prison officials are retaliating against him as it relates to his filing of this habeas petition.  The allegations stem from the search of his cell and the accusations that he used a spear as an assault against a correctional officer.  Based on his allegations, however, he does not appear to have been criminally charged with any assault against the correctional officer.  Moreover, he has not been subjected to a disciplinary action for allegations related to the cell search.

Petitioner's motion presents two possibilities related to his retaliation claim of a specific constitutional right that was violated: the right to access of the courts, or the right to privacy.  However, he cannot satisfy the standards for injunctive relief enunciated by the Fifth Circuit.  See generally Affiliated Prof'l Home Health

9

Care Agency, 164 F.3d at 285; Black Fire Fighters Ass'n, 905 F.2d at 65.

### a.    Right of Access to the Courts.

Inmates have a constitutional right of access to the courts.  Bounds v. Smith, 430 U.S. 817, 821 (1977); accord Tubwell v. Griffith, 742 F.2d 250, 252 (5th Cir. 1984).  However, an inmate must demonstrate an actual injury to prevail on a claim of denial of access to the courts.  Lewis v. Casey, 518 U.S. 343, 349-51 (1996).  Here, petitioner has not been denied access to the courts as he has not been prevented from proceeding with his habeas petition.  Therefore, he cannot demonstrate that he suffered a retaliatory adverse act.  McDonald, 132 F.3d at 231.

Additionally, petitioner has not established that he will suffer an irreparable injury related to his right of access to the courts.  Indeed, he has been able to file this motion as well as another motion.

### b.    Right of Privacy.

The Supreme Court has established that a convicted prisoner does not have a right to privacy within the prison cell:

> [S]ociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and ... accordingly, the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell.

Hudson v. Palmer, 468 U.S. 517, 526 (1984); see also Block v. Rutherford, 468

U.S. 576, 590-91 (1984) (holding that random, irregular searches of an inmate's cell are constitutional).  In Evans v. Collins, the Fifth Circuit addressed an inmate's claim that he was retaliated against because his cell was searched several times.  9 F.3d 1546, 1993 WL 503352, at 2 (5th Cir. Nov. 17, 1993) (per curiam) (unpublished).  During those searches over a three month period, the inmate's notebook and tennis shoes were classified as contraband.  Id.  The Evans court concluded that "the incidents described by [the plaintiff] do not create the inference of retaliation.  The subjective belief that the ... cell searches were retaliatory is not enough to support the inference that the actions were retaliatory." Id.; see also Dixon v. Hastings, 202 Fed. Appx. 750, 752 (5th Cir. Oct. 18, 2006) (per curiam) (unpublished) ("allegations of retaliation based on the search of his cell and subsequent disciplinary action do not raise a plausible inference that the disciplinary action was the result of any retaliatory motive" in response to the inmate's previous filing of a grievance).  Similarly, an inmate cannot satisfy the causation prong of a retaliation claim where the cell search was initiated for security reasons after an assault on an officer.  See Brown v. Craven, 106 Fed. Appx. 257, 258 (5th Cir. July 26, 2004) (per curiam) (unpublished) (citing McDonald, 132 F.3d at 231).

Here, petitioner alleges that his cell was searched only once after a correctional officer was shot with a spear.  The other cells on his row were also

11

searched.  He does not allege that his personal items were taken or damaged.

Additionally, he has not been charged with a disciplinary case related to the cell

search.

Moreover, security is a principal concern for prison officials.  Bell v.

Wolfish, 441 U.S. 520, 546-47 (1979); accord Tubwell, 742 F.2d at 252.  The

public has a strong interest in prison security.  See Pell v. Procunier, 417 U.S. 817,

823 (1974) ("central to all other corrections goals is the institutional consideration

of internal security within the corrections facilities themselves"); see also Chriceol

v. Phillips, 169 F.3d 313, 316 (5th Cir. 1999) (per curiam) (discussing the

legitimate government interest in prison security).

Accordingly, it is respectfully recommended that petitioner's motion for

injunctive relief be denied.

**B.     Petitioner Is Not Entitled To A Default Judgment.**

Default judgment is not appropriate in a habeas proceeding because the

failure of respondent to file an answer does not entitle petitioner to habeas corpus

relief.  See, e.g., Wiggins v. Procunier, 753 F.2d 1318, 1321 (5th Cir. 1985) (citing

United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (holding

that default judgment is not an appropriate remedy for a state's failure to answer a

habeas petition)); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The

failure to respond to claims raised in a petition for habeas corpus does not entitle

the prisoner to default judgment.").  The Fifth Circuit has found that a district court should not have "visited upon the community the consequences" of granting habeas corpus relief because of the government's delay in responding to a court order.  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).

Here, petitioner has not established that default judgment is warranted. First, the Fifth Circuit has established that default judgments are not appropriate in habeas petitions.  Second, respondent's answer is not due until September 7, 2007. (D.E. 13).  Accordingly, it is respectfully recommended that petitioner's motion for summary judgment in which he seeks a default judgment be denied.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that petitioner's motion for a TRO, (D.E. 15), be denied.  Furthermore, it is respectfully recommended that petitioner's motion for summary judgment, (D.E. 17), be denied.

Respectfully submitted this 4th day of September 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).