IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALVIN RAY HYDER,<br>　　Petitioner, | §<br>§<br>§ | |
| v. | § | C.A. NO. C-07-291 |
| | § | |
| NATHANIEL QUARTERMAN,<br>　　Respondent. | §<br>§<br>§ | |

### MEMORANDUM AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the Telford Unit in New Boston, Texas. On July 2, 2007, he filed this pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (D.E. 1). On September 7, 2007, respondent filed a motion to dismiss for failure to exhaust state remedies. (D.E. 20). On September 14, 2007, petitioner responded to that motion. (D.E. 22). For the reasons stated herein, it is respectfully recommended that respondent's motion be granted.

### I. JURISDICTION

Petitioner was convicted and sentenced by the 156th Judicial District Court of Bee County, Texas in case number B-05-M011-0-PR-B-1. (D.E. 20, Ex. A). Jurisdiction is proper in this Court because Bee County is within the Southern

District of Texas, Corpus Christi Division.  See Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000); 28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d).

## II.  PROCEDURAL BACKGROUND

On July 24, 1987, petitioner was convicted of aggravated sexual assault and sentenced to life in prison.  (D.E. 1 at 5; D.E. 20, Ex. B, at 2).  On December 15, 2005, a grand jury indicted him on three counts of "Harassment by Person in Certain Correctional Facility."  (D.E. 20, Ex. B).  On July 12, 2006, in the 156th Judicial District Court of Bee County, petitioner was convicted of all three counts and sentenced to imprisonment for fifteen years.  (D.E. 20, Ex. A).

Petitioner asserts that he has "done everything he can to exhaust his state court remedies...."  (D.E. 1 at 11).  He alleges that his state petition for a writ of habeas corpus was mailed from the Telford Unit to the 156th Judicial District Court of Bee County on October 12, 2006.  Id.  He claims that he never received any response from that court.  Id.  Petitioner then filed a petition for a writ of mandamus asking the Court of Criminal Appeals to direct the Bee County District Court to respond.  Id.  On or about December 6, 2006, the Court of Criminal Appeals ordered the district court to send its records.  Id.  On January 10, 2007, his petition for mandamus was denied.  Id. at 12.  On February 1, 2007, he mailed another copy of his petition for a writ of habeas corpus to the district court, and on

March 22, 2007, sent his mother a copy to file on his behalf.  Id.  He concludes that "the state courts has [sic] fraudulently denied my right to exhaust my state remedies...." Id.

Respondent argues that petitioner's claims are not exhausted because he never presented them to the Court of Criminal Appeals, denying that court the opportunity to rule on their merits.  (D.E. 20 at 4-5).  He has submitted an affidavit dated September 5, 2007 from the Bee County Clerk certifying that all matters pertaining to petitioner's state writ are in the district court and currently pending. Id., Ex. C.  He has also produced an affidavit from the Clerk of the Court of Criminal Appeals dated September 6, 2007, certifying that petitioner has no habeas petition in that court's records.  Id., Ex. D.

On September 28, 2007, the Texas Court of Criminal Appeals received an application filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure regarding petitioner's conviction in case number B-05-M011-0-PR-B-1. Ex parte Hyder, WR-19, 721-22, available at http://www.cca.courts.state.tx.us/opinions/case.asp?FilingID=255113.  That writ is pending before the Texas Court of Criminal Appeals.  Id.[1]

---

[1] The record does not include petitioner's state application for a writ of habeas corpus.

## III.  DISCUSSION

### A. Texas Prisoners May Exhaust State Remedies Through A Direct Appeal Or Through State Habeas Corpus Proceedings.

Persons in custody pursuant to a state court's judgment must exhaust all state remedies before filing a federal habeas petition.  28 U.S.C. § 2254(b)(1)(A); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of each claim has been fairly presented to the highest court of the state.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Fisher, 169 F.3d at 302; Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982).  The petitioner must give the highest court a fair opportunity to rule on the claim, which requires the petitioner to present his claim in accordance with the court's procedural rules. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citing Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988)).  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (citations omitted).

Generally, exhaustion in Texas may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) the petitioner may file a

petition for state writ of habeas corpus. Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990) (citing Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985)). Article 11.07 of the Texas Code of Criminal Procedure governs applications for habeas relief from felony convictions imposing penalties other than death. First, a petition for state habeas is filed in the convicting court. Tex. Code Crim. Proc. Ann. art. 11.07 § 3(b). Upon filing, the clerk of that court is to serve the state's attorney, who must answer within fifteen days. Id. Within twenty days of the expiration of the time allowed to answer, the convicting court is to determine whether there are contested issues of fact material to the legality of petitioner's confinement. Id. at § 3(c). If there are, the court is to make the necessary findings and then transmit the petition to the Texas Court of Criminal Appeals. Id. at § 3(d). If there are no contested facts, or if the district court fails to act within the time allotted, the clerk is to immediately transmit the application to the Court of Criminal Appeals. Id.

**B.     Petitioner Has Not Exhausted His State Remedies.**

The Court can take judicial notice that petitioner's claims are not exhausted because they are still pending before the Texas Court of Criminal Appeals. A court has the discretion to take judicial notice of an "adjudicative fact" at any stage of a proceeding. Fed. R. Evid. 201; accord Taylor v. Charter Med. Corp., 162 F.3d

827, 829 (5th Cir. 1998).

In <u>Taylor</u>, the Fifth Circuit explained that

> Rule 201 of the Federal Rules of Evidence provides that a court *may* take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned."

162 F.3d at 829 (emphasis in original). The <u>Taylor</u> court recognized that other circuits have allowed "a court [to] take judicial notice of a 'document filed in another court ... to establish the fact of such litigation and related filings.'" <u>Id.</u> at 830 (citations omitted). The Fifth Circuit has determined that courts may take judicial notice of governmental websites. <u>See</u> <u>Hawk Aircargo, Inc. v. Chao.</u>, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); <u>Coleman v. Dretke</u>, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (Fifth Circuit taking judicial notice of Texas agency's website); <u>see also</u> <u>O'Toole v. Northrop Grumman Corp.</u>, __ F.3d __, 2007 WL 2421754, at *6 (10th Cir. Aug. 28, 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.") (citations omitted); <u>Denius v. Dunlap</u>, 330 F.3d 919, 926 (7th Cir. 2003) (taking judicial notice of information on official government website pursuant to Rule

6

201).  Federal courts have taken judicial notice of other courts' websites.  See, e.g., Graham v. Smith, 292 F. Supp. 153, 155 n.2 (D. Me. 2003) (taking judicial notice of pleadings located on the internet); Anderson v. Cal. Bd. of Prison Terms, No. CIV-04-1172, 2007 WL 404900, at *1 (E.D. Cal. Feb. 2, 2007) (unpublished) (taking judicial notice of records from official website for California Appellate Courts); Collier v. Dretke, No. Civ.A 4:05CV379Y, 2005 WL 1429738, at *1 n.5 (N.D. Tex. June 17, 2005) (unpublished) ("The Court ... takes judicial notice of the disposition of Collier's seven writ applications in the Texas Court of Criminal Appeals through a search on its website."); Booker v. Taft, No. 7:03-CV-263-R, 2004 WL 1253410, at *1 (N.D. Tex. June 8, 2004) (unpublished) (taking judicial notice that petitioner's state habeas petition remained pending based on the Texas Second Court of Appeals' website).

Records publicly available at the official web site for the Texas Court of Criminal Appeals demonstrate that petitioner's state habeas application was received on September 28, 2007.  The application is still pending.  Because the Court of Criminal Appeals has not yet had "a fair opportunity to act" on petitioner's claims, O'Sullivan, 526 U.S. at 844, it is respectfully recommended that his claims have not been exhausted in accordance with 28 U.S.C. § 2254(b)(1)(A).

## IV. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss without prejudice for failure to exhaust, (D.E. 20), be granted.

Respectfully submitted this 10th day of October 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **<u>NOTICE TO THE PARTIES</u>**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).