UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALVIN RAY HYDER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-07-291 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**ORDER OVERRULING PETITIONER'S OBJECTIONS,
ADOPTING RECOMMENDATION IN PART, AND DISMISSING WITHOUT
PREJUDICE § 2254 PETITION FOR HABEAS CORPUS RELIEF**

Petitioner Calvin Ray Hyder objects (D.E. 26, 28), to the magistrate judge's Memorandum and Recommendation (D.E. 25), that his § 2254 petition for habeas corpus relief should be dismissed for failure to exhaust state court remedies pursuant to 28 U.S.C. § 2254(b)(1). Respondent has filed a response to petitioner's objections (D.E. 31), to which petitioner has filed a traverse. (D.E. 33). Having considered petitioner's objections, respondent's response, and petitioner's traverse, and having made a *de novo* review of the facts of this case, the Court overrules petitioner's objections, adopts the recommendation in part, and dismisses without prejudice for failure to exhaust petitioner's § 2254 petition for the reasons set forth herein.

**I.  Procedural background.**

On July 12, 2006, following a jury trial, petitioner was found guilty of harassment by a person in a correctional facility (the "harassment conviction"), and sentenced to fifteen years in prison in Cause No. B-05-M011-0-PR-B, in the 156th Judicial District Court of Bee County, Texas. On July 2, 2007, petitioner filed the instant federal petition challenging his state court harassment conviction on numerous grounds, including defective indictment, violation of his speedy trial rights, and lack of authority of the special prosecutor to prosecute the case. (D.E. 1).

On September 9, 2007, respondent filed a motion to dismiss the petition for failure to exhaust state court remedies. (D.E. 20). In particular, respondent argued that, although petitioner had filed a state application for habeas corpus relief with the Texas Court of Criminal Appeals ("TCCA"), the TCCA had not yet ruled on the application, such that his claims were unexhausted for purposes of 28 U.S.C. § 2254(b)(1)(A).  Id.

Petitioner filed a response in opposition to the motion to dismiss. (D.E. 22). By Memorandum and Recommendation entered October 10, 2007, the magistrate judge recommended that petitioner's § 2254 petition be dismissed for failure to exhaust state court remedies. (D.E. 25). Petitioner filed objections to the recommendation. (D.E. 26, 28). Petitioner also filed a pleading alleging that prison officials were denying him recreation in retaliation for his challenging his harassment conviction in this habeas corpus proceeding. (D.E. 30).

On November 5, 2007, the Court ordered respondent to file a response to petitioner's objections (D.E. 29), which was filed on November 21, 2007. (D.E. 31, 32). On December 3, 2007, petitioner filed a traverse to respondent's response. (D.E. 33).

## II. Discussion

**A.    Status of petitioner's article 11.07 state habeas application.**

As discussed in more detail below, petitioner disputes the number of state court writs he filed and alleges that the trial court "withheld" writs that he filed. Regardless of this allegation, as to the issue of exhaustion concerning the instant federal petition, the uncontested facts establish that, at the time petitioner filed the instant federal petition, he had pending with the Texas Court of Criminal Appeals ("TCCR") an application for habeas corpus relief filed pursuant to article 11.07 of the Texas Code of Criminal Procedure. That application, Ex parte Hyder, Appl. No. 19,721-22, was filed with the 156th Judicial District Court on May 31, 2007,

and received by the TCCA on September 28, 2007.[1]  See Ex parte Hyder, Appl. No. 19,721-22 at 9, clerk's summary sheet, respectively.

Petitioner filed his federal petition on July 2, 2007.  (D.E. 1).  At that time, his state habeas application had not yet been ruled on; indeed, it had not yet been received by the TCCA.

On September 7, 2007, respondent moved to dismiss the federal petition for failure to exhaust state court remedies.  (D.E. 20).  Respondent argued that, because petitioner's state habeas action was still pending in the TCCA, his claims were not exhausted as the TCCA had not had the opportunity to rule on the merits of his claims.  (D.E. 20 at 4-5).  The magistrate judge recommended that respondent's motion to dismiss be granted.  (D.E. 25).

Since respondent's filing of the motion to dismiss, the TCCA has ruled on petitioner's state application.  On October 10, 2007, the TCCA dismissed *per curiam* petitioner's state application for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure.  Ex parte Hyder, Appl. No. 19,721-22, at cover.

Although petitioner's state habeas application was dismissed by the TCCA, the dismissal for noncompliance does not bar petitioner from refiling his state application.  See Ex parte Santana, 227 S.W.3d 700, 703-04 (Tex. Crim. App. 2007) (under Texas law, subsequent application challenging same conviction barred only if prior petition entailed a disposition relating to the merits of the claims raised).  Thus, because petitioner's state application was dismissed for noncompliance with the appellate rules and did not involve a final disposition on the merits of his claims, he is able to re-file his state application properly so that the TCCA has an opportunity to rule on the merits of his claims.

---

[1] A copy of petitioner's state habeas application, Ex parte Hyder, Appl. No. 19,721-22, is filed in this action at D.E. 32.  The petition reflects that it was executed by petitioner on February 1, 2007.  Id., at 9.

The facts as presented in the magistrate judge's recommendation have changed, but the analysis regarding exhaustion remains the same.  Petitioner has not yet presented his claims properly to the state's highest state court for final disposition, and as such, they are unexhausted. See 28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (the exhaustion requirement is satisfied when the substance of each claim has been fairly presented to the highest court of the state).  Because his claims are unexhausted, the instant federal petition must be dismissed.

**B.   Petitioner's objections.**

   **1.   Number of state applications filed.**

Petitioner claims that the trial court withheld state writs filed by him, with the earliest one dated October 6, 2006.  (D.E. 26 at 1).  In response to this allegation, respondent offers the affidavit of Ruth Cantu, Deputy Clerk of the 156th Judicial Court of Bee County, Texas, who states that:

> ...only one Writ of Habeas Corpus Application under article 11.07 of the Texas Code of Criminal Procedure, [was] filed with this Court in Cause No. B-05-M011-0-PR-B, for applicant Calvin Hyder.  The application was pending in this Court and then sent to the Texas Court of Criminal Appeals to be finally determined.

(D.E. 31, Ex. E).  It was stamped received by the trial court on May 31, 2007.  See Ex parte Hyder, Appl. No. 19721-22, at 9.

Similarly, the TCCA has record of only one article 11.07 habeas corpus application for petitioner challenging his harassment conviction, stamped received by the TCCA on September 28, 2007.  Ex parte Hyder, Appl. No. 19,721-22, at clerk's summary sheet.

Petitioner offers no evidence to support his conclusory allegations that the trial court "withheld" any state habeas applications challenging his harassment conviction prior to his filing Ex parte Hyder, Appl. No. 19,721-22.  Indeed, a review of plaintiff's voluminous state court

record,[2] Ex parte Hyder, Appl. No. 19,721 nos. 1-22, reveal that, of the twenty-two state appellate filings, only three relate to his state court harassment conviction.  Ex parte Hyder, Appl. Nos. 19,721-20, -21, and -22.  Of those three, Ex parte Hyder, Appl. No. 19,721-20 is ***not*** a 11.07 state habeas application challenging his harassment conviction; it is a motion for leave to file a writ of mandamus in which petitioner alleges that he filed a state writ, but did not receive confirmation of that filing from the trial court.  On December 6, 2006, the TCCA ordered the trial court to file a response in that action.  Id. at 3-4.  Bee County responded that it had no writ of habeas corpus on file in its office.  Id. at 2.  On January 10, 2007, the TCCA denied without written order petitioner's motion for leave to file a writ of mandamus.  Ex parte Hyder, Appl. No. 19,721-20, at cover.

In Ex parte Hyder, Appl. No.19,721-21, petitioner again claimed that he had filed a writ with the trial court that was not being processed.  Id. at 1.  The action was docketed as a motion for leave to file a "common law writ of conspiracy."  Id.  On August 15, 2007, the TCCA denied plaintiff's request for leave without written order.

The credible facts establish petitioner filed a state habeas application pursuant to article 11.07 on May 31, 2007 with the trial court, and that it was filed in the TCCA on September 28, 2007.  As to petitioner's claims of "withheld" state applications, the TCCA twice addressed and rejected those claims. His attempt to reargue this issue in this Court, or worse, to mis-characterize those proceedings as habeas corpus proceedings to advance his argument, is transparent, and the objection is overruled.

    **2.    Dismissal of state writ for noncompliance.**

Petitioner objects to the TCCA's dismissal of his state habeas corpus petition for noncompliance with Rule 71.3, Tex. R. App. P.

---

[2] Petitioner's state court record is filed under separate cover at D.E. 12.

Texas Rule of Appellate Procedure 73.1(c), requires that "[t]he person making the [habeas] application must provide all information required by the form." In addition, the article 11.07 habeas corpus form used by petitioner instructed him to:

> State concisely every ground on which you claim that you are being Unlawfully confined. Summarize briefly the facts supporting each ground. If necessary, you *may* attach pages stating additional grounds and facts supporting the grounds.
>
> *****
>
> What is your Ground Number .... What are the FACTS (tell your story briefly....)

Ex parte Hyder, Appl. No. 19,721-22 at 5, 7.

Petitioner, however, left these areas blank on the application itself, and instead, referred to the his attached memorandum of law and authorities. Id. at 7. That is, petitioner's failed to explain briefly his claims *on the application itself*. The TCCA's dismissal of petitioner's application as noncompliant was within the interpretation of its own rules and not unreasonable. See Weeks v. Scott, 55 F.3d 1059 (5th Cir. 1995) (it is not a federal habeas corpus court's function to review a state's interpretation of its own law).

Petitioner also contends that Rule 73.1 was not in effect at the time he filed his application. (D.E. 28). However, petitioner filed his state writ of habeas corpus with the trial court on May 31, 2007. See Ex parte Hyder, Appl. No. 19721-22 at 9. This verison of the appellate rule has been in effect since January 1, 2001. See Tex. R. App. P. 73.1(c). This objection is overruled.

### 3.   Dismissal versus opportunity to correct.

Petitioner argues that the trial court clerk should have returned the state writ to him so that he could have corrected it and resubmitted it in compliance with the rules, rather than dismissed it. However, it was the *TCCA*, not the trial court, that dismissed petitioner's state writ

as noncompliant on October 10, 2007.  See Ex parte Hyder, Appl. No. 19,721-22 at 5.  The trial court simply forwarded the disposition of the writ to petitioner.  This objection is without merit.  Moreover, there is nothing to prevent petitioner from making the corrections and resubmitting the state application.

**C.     Retaliation.**

Petitioner claims that prison officials are retaliating against him for pursuing his claims in this habeas corpus proceeding.  (D.E. 30).  Petitioner is advised that, should he desire to pursue a § 1983 claim for violation of his civil rights and damages, he must do so in a separate civil rights proceeding.  Thus, those claims are denied without prejudice.

**D.     Certificate of appealability.**

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

In this case, the Court did not reach the merits of petitioner's § 2254 petition because his claims are not exhausted as required by 28 U.S.C. § 2254(b)(1). However, the Court finds that jurists of reason would not find this Court's procedural rulings debatable. Miller-El, 123 S. Ct. at 1034 (citing Slack, 529 U.S. at 484). Thus, petitioner is not entitled to a COA on the decision dismissing his habeas corpus claims without prejudice.

### III. Conclusion.

The dismissal of petitioner's article 11.07 state habeas corpus application for noncompliance does not satisfy exhaustion for purposes of § 2254(b)(1)(A). Accordingly, the Court grants respondent's motion to dismiss for failure to exhaust (D.E. 20), and dismisses without prejudice petitioner's § 2254 claims challenging his state court harassment conviction. In addition, the Court dismisses without prejudice any § 1983 retaliation claims raised by petitioner. No COA shall issue.

SIGNED and ORDERED this 5th day of December, 2007.

_____
Janis Graham Jack
United States District Judge