UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALVIN RAY HYDER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-07-291 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

### ORDER

Pending is petitioner's motion to reinstate his habeas corpus case (D.E. 40), and respondent's objection thereto. (D.E. 47). For the reasons stated herein, the Court denies petitioner's motion to reinstate.

**I.    Procedural background.**

On July 12, 2006, petitioner was found guilty of harassment by a person in a correctional facility (the "harassment conviction"), and sentenced to fifteen years in the TDCJ-CID.

On July 2, 2007, petitioner filed the instant federal petition challenging his state court harassment conviction on numerous grounds. (D.E. 1).

On September 9, 2007, respondent filed a motion to dismiss the petition for failure to exhaust state court remedies. (D.E. 20). In particular, respondent argued that, although petitioner had filed a state application for habeas corpus relief with the Texas Court of Criminal Appeals ("TCCA"), the TCCA had not yet ruled on the application, such that his claims were unexhausted for purposes of 28 U.S.C. § 2254(b)(1)(A). Id.

On October 10, 2007, the magistrate judge recommended that petitioner's § 2254 petition be dismissed for failure to exhaust state court remedies. (D.E. 25). Petitioner filed objections to the recommendation. (D.E. 26, 28). Petitioner also filed a pleading alleging that prison officials

were denying him recreation in retaliation for his challenging his harassment conviction in this habeas corpus proceeding. (D.E. 30).

On November 5, 2007, the Court ordered respondent to file a response to petitioner's objections (D.E. 29), which was filed on November 21, 2007. (D.E. 31, 32). On December 3, 2007, petitioner filed a traverse to respondent's response. (D.E. 33).

On December 5, 2007, the Court granted respondent's motion to dismiss for failure to exhaust and entered final judgment dismissing petitioner's case without prejudice. (D.E. 34, 35).

On April 16, 2008, the TCCA denied petitioner's state application.

On May 1, 2008, petitioner filed a motion to reinstate his federal habeas corpus application. (D.E. 40).

On May 6, 2008, the magistrate judge effectively granted petitioner's motion to reinstate by ordering respondent to file a copy of petitioner's state court records, including the TTCA's April 2008 decision. (D.E. 41). On June 4, 2008, the magistrate judge again ordered production of the state court records. (D.E. 46).

On June 18, 2008, respondent filed an objection to the production of records, arguing that petitioner's motion to reinstate constitutes a motion for reconsideration and should be denied. (D.E. 47).

## II. Discussion.

### A. Nature of dispute and relief requested.

Petitioner moved to reinstate his case on the grounds that his claims were now exhausted because the TTCA ruled on his state application. (D.E.40). Respondent argues that reinstatement is not appropriate because final judgment was entered in this action, dismissing petitioner's §2254 petition for failure to exhaust. (D.E. 47). Respondent argues that petitioner's

2 / 4

motion to reinstate must be viewed as a Rule60(b) motion for reconsideration, and that petitioner is not entitled to Rule 60(b) relief.

### B.      Analysis.

As noted above, petitioner's action was dismissed without prejudice on December 5, 2007. (D.E. 34, 35). Petitioner did not challenge the final judgment in a post judgment Rule 59(e) motion, and therefore, that avenue for post-judgment relief is no longer available. See Fed. R. Civ. P. 59(b). Moreover, a Rule 60(b) motion is not the proper avenue for relief because petitioner is not challenging the merits of the Court's decision dismissing his petition: he simply returns to the Court because exhaustion now has been satisfied.

The proper procedure in such a case is to file a new habeas corpus action. See Canales v. Quarterman, 507 F.3d 884 (5th Cir. 2007) (Chief Judge Hayden Head). In Canales, this Court dismissed the prisoner's habeas corpus petition for failure to exhaust. Id. at 885. Following exhaustion, petitioner returned to court requesting reinstatement. Id. The Court denied his motion for reinstatement noting that, because the dismissal was without prejudice, he was required to file a new petition. Id..

The facts of this case are no different than in Canales. Petitioner can file a new action now that exhaustion is complete. Moreover, petitioner need not seek permission from the Fifth Circuit to file a second petition because it will not be considered successive as a result of the dismissal for failure to exhaust.[1]  Canales, 507 F.3d at 886 ("...because Canales' petition had been denied without prejudice for failure to exhaust, Canales could file a new petition without seeking permission from [the Fifth Circuit] to file a successive petition.). Id.

---

[1] The Court does not address whether the petition might be successive on other grounds, but holds only that it is not successive by virtue of the dismissal for failure to exhaust.

### III.     Conclusion.

For these reasons, the magistrate judge's May 6, 2008 order to file state habeas corpus records (D.E. 41) and June 4, 2008 order for documents (D.E.46) are VACATED. Petitioner's motion to reinstate (D.E. 40) is DENIED.

SIGNED and ORDERED this 22nd day of December, 2008.

*Janis Graham Jack*
Janis Graham Jack
United States District Judge